# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RICK CAMP, as Parent and Next of Kin; and<br>CINDY CAMP, as Parent and Next of Kin<br><br>     Plaintiffs<br><br>     v.<br><br>J.J. JONES in his individual capacity and his official capacity as Sheriff of Knox County, TN<br><br>DEPUTY GREG FAULKNER in his individual capacity and his official capacities as a deputy with Knox County, TN Sheriff's Department<br><br>DEPUTY PHIL DALTON in his individual capacity and his official capacities as a deputy with Knox County, TN Sheriff's Department<br><br>DEPUTY JASON LUBIENSKI in his individual capacity and his official capacities as a deputy with Knox County, TN Sheriff's Department<br><br>DEPUTY MITCH GRIMES in his individual capacity and his official capacities as a deputy with Knox County, TN Sheriff's Department<br><br>DEPUTY GREG BLACK in his individual capacity and his official capacities as a deputy with Knox County, TN Sheriff's Department<br><br>DEPUTY JAMES PAGE in his individual capacity and his official capacities as a deputy with Knox County, TN Sheriff's Department<br><br>DEPUTY TOM COX in his individual capacity and his official capacities as a deputy with Knox County, TN Sheriff's Department | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. <u>3:14-cv-257</u> |

| | )|
|---|---|
| DEPUTY BRINT GIBSON in his individual capacity and his official capacities as a deputy with Knox County, TN Sheriff's Department | )<br>)<br>)<br>) |
| DEPUTY CLYDE COWEN in his individual capacity and his official capacities as a deputy with Knox County, TN Sheriff's Department | )<br>)<br>)<br>) |
| KNOX COUNTY SHERIFF'S DEPARTMENT | )<br>)<br>) |
| KNOX COUNTY, TENNESSEE | )<br>) |
| Defendants | |

# COMPLAINT

**COMES NOW** the Plaintiffs, Rick Camp and Cindy Camp, by and through undersigned counsel, complains against Defendants and demands a trial by jury for state and federal causes of action and in support of their position states as follows:

## INTRODUCTION

1. This is a wrongful death/civil rights action brought under 42 U.S.C. §§ 1983 and 1988 arising from the shooting and killing of the decedent Jordan Camp, in Knoxville, Tennessee against all defendants for violations of Tennessee Tort law and United States guaranteed constitutional rights. Jordan Camp was 21 years old at the time of his death. Jordan Camp died unmarried and without issue.

2. It is brought by the Plaintiffs Rick and Cindy Camp, next of kin, against the defendants as a result of their use of excessive force, wrongful death, and other wrongful acts, occurring in and around Knox County, Tennessee, on or about June 20th, 2013.

3. These actions violated Jordan Camp's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

2

4. Knox County, Knox County Sheriff's Department, and the individual defendants are sued as a result of the individual defendants' actions within the scope and course of their authority, as caused by/or ratified by Knox County and the Knox County Sheriff's Department.

## JURISDICTION

5. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth Amendment to the United States Constitution, made applicable to defendants through the Fourteenth Amendment to the United States Constitution. This court has jurisdiction over Plaintiffs' claim under 28 U.S.C. § 1331. This court further has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367, as those claims form part of the same case or controversy under Article III of the United States Constitution.

6. Venue lies in the U.S. Eastern District of Tennessee, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiffs Rick and Cindy Camp are the legal parents, successors in interest, next of kin, and survivors of decedent Jordan Camp. Rick and Cindy Camp are residents of Knox County, Tennessee, see attached Exhibit A and Exhibit B. Rick and Cindy Camp are proper parties to bring this law suit pursuant to Tenn. Code Ann. §20-5-101 et. seq. and are persons described in Tenn. Code Ann. §§ 20-5-106 and 20-5-107 as persons who may bring a wrongful death action and would be entitled to property of the decedent by intestate succession. In their own right, they bring their claim for wrongful death, and outrageous infliction of emotional distress.

8. At all times relevant hereto, Defendant J.J. Jones was a citizen of the United States and a resident of the State of Tennessee. Defendant Jones is sued in his official capacity as

3

the Sheriff of Knox County Sheriff's Department, employed by the Defendant County and/or the Knox County Sheriff's Department, and was acting under color of state law. Defendant Jones may be served at the Knox County Law Director's office, located at 400 W Main St # 612, Knoxville, TN 37902.

9. At all times relevant hereto, Defendant Greg Faulkner was a citizen of the United States and a resident of the State of Tennessee and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant County and/or of the Knox County Sheriff's Department. Defendant Faulkner is sued individually. Defendant Faulkner may be served at the Knox County Law Director's office, located at 400 W Main St # 612, Knoxville, TN 37902.

10. At all times relevant hereto, Defendant Phil Dalton was a citizen of the United States and a resident of the State of Tennessee and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant County and/or of the Knox County Sheriff's Department. Defendant Dalton is sued individually. Defendant Dalton may be served at the Knox County Law Director's office, located at 400 W Main St # 612, Knoxville, TN 37902.

11. At all times relevant hereto, Defendant Jason Lubienski was a citizen of the United States and a resident of the State of Tennessee and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant County and/or of the Knox County Sheriff's Department. Defendant Lubienski is sued individually. Defendant Lubienski may be served at the Knox County Law Director's office, located at 400 W Main St # 612, Knoxville, TN 37902.

12. At all times relevant hereto, Defendant Mitch Grimes was a citizen of the United

States and a resident of the State of Tennessee and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant County and/or of the Knox County Sheriff's Department. Defendant Grimes is sued individually. Defendant Grimes may be served at the Knox County Law Director's office, located at 400 W Main St # 612, Knoxville, TN 37902.

13. At all times relevant hereto, Defendant Greg Black was a citizen of the United States and a resident of the State of Tennessee and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant County and/or of the Knox County Sheriff's Department. Defendant Black is sued individually. Defendant Black may be served at the Knox County Law Director's office, located at 400 W Main St # 612, Knoxville, TN 37902.

14. At all times relevant hereto, Defendant James Page was a citizen of the United States and a resident of the State of Tennessee and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant County and/or of the Knox County Sheriff's Department. Defendant Page is sued individually. Defendant Page may be served at the Knox County Law Director's office, located at 400 W Main St # 612, Knoxville, TN 37902.

15. At all times relevant hereto, Defendant Tom Cox was a citizen of the United States and a resident of the State of Tennessee and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant County and/or of the Knox County Sheriff's Department. Defendant Cox is sued individually. Defendant Cox may be served at the Knox County Law Director's office, located at 400 W Main St # 612, Knoxville, TN 37902.

5

Case 3:14-cv-00257-PLR-HBG   Document 1   Filed 06/15/14   Page 5 of 20   PageID #: 5

16. At all times relevant hereto, Defendant Brint Gibson was a citizen of the United States and a resident of the State of Tennessee and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant County and/or of the Knox County Sheriff's Department. Defendant Gibson is sued individually. Defendant Gibson may be served at the Knox County Law Director's office, located at 400 W Main St # 612, Knoxville, TN 37902.

17. At all times relevant hereto, Defendant Clyde Cowen was a citizen of the United States and a resident of the State of Tennessee and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant County and/or of the Knox County Sheriff's Department. Defendant Cowen is sued individually. Defendant Cowen may be served at the Knox County Law Director's office, located at 400 W Main St # 612, Knoxville, TN 37902.

18. Defendant Knox County Sheriff's Department is an agent of Knox County, and may be served at the Knox County Law Director's office, located at 400 W Main St # 612, Knoxville, TN 37902.

19. Defendant Knox County, hereinafter "Defendant County" is a Tennessee municipal corporation and is the legal entity responsible for itself and for the Knox County Sheriff's Department. This Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. § 1983. Defendant County may be served at the Knox County Law Director's office, located at 400 W Main St # 612, Knoxville, TN 37902.

**FACTUAL ALLEGATIONS**

20. At all times herein material, Defendants Black, Cowan, Dalton, Faulkner, Gibson, Grimes, Lubienski, and Page were acting under the color of state law and pursuant to the

policies, customs, training and regulations of the Knox County Sheriff's Office.

21. At all times herein material Defendant J.J. Jones was the Sheriff and the policy maker of the Knox County Sheriff's Department.

22. On or about June 20, 2013 Jordan Camp lived in Knox County and was present at 834 Canton Hollow Road, Knoxville, TN 37934, a mobile home residence.

23. Members of the Knox County Sheriff's Department shot and killed Jordan Camp on or about June 20, 2013.

24. At some point on or about June 20, 2013, deputies from Defendant Knox County Sheriff's Department, were attempting to serve outstanding process on Jordan Camp.

25. Deputy Chris Allison located Mr. Camp at Lot 25, 834 Canton Hollow Road, Knoxville, TN 37934 inside a residential single wide mobile home belonging to John Casey.

26. Upon information and belief, after the initial interaction between Deputy Allison and Jordan Camp, Mr. Camp barricaded himself inside the back bedroom of the mobile home claiming that he had a gun and he was going to commit suicide.

27. Deputy Allison withdrew from the mobile home, secured the front door, and called for assistance from other deputies.

28. Defendant Sergeant Phil Dalton and Defendant Lieutenant Brian Williams arrived next and positioned themselves at the back door, securing all possible exits, and effectively seizing Jordan Camp.

29. Upon information and belief, Defendant Dalton started negotiating with Mr. Camp.

30. Upon information and belief, during the negotiation between Defendant Dalton and Jordan Camp, the deputies cleared the inside of the mobile home of all non-essential

7

personnel in order to minimize law enforcement presence.

31. At some time during the negotiation with Defendant Dalton, Jordan Camp requested a trained negotiator.

32. After Mr. Camp requested a negotiator, a Knox County Sheriff's Department Special Weapon and Tactics team (SWAT) was dispatched to lot 25, 834 Canton Hollow Road, Knoxville, TN 37934.

33. Defendant Greg Faulkner arrived and began negotiations with Mr. Camp.

34. Upon information and belief, other members of the Knox County Sheriff's Department and SWAT members arrived and reinforced the already established perimeter that protected the public at large.

35. Upon information and belief, during Defendant Faulkner's negotiation with Jordan Camp, SWAT forcibly entered the mobile home at 834 Canton Hollow Rd.

36. Upon information and belief, The SWAT's entry of the mobile home at 834 Canton Hollow Rd. was without the effective consent of the owner, John Casey.

37. Defendants were not in "hot pursuit" of decedent Jordan Camp at the time of entry into Mr. Casey's mobile home residence.

38. No exigent circumstances existed to justify defendants' entry into Mr. Casey's residence to search for decedent, Jordan Camp.

39. Upon information and belief, Defendant Brint Gibson ordered the SWAT team to take the mobile home and establish a staging area in the kitchen of the mobile home.

40. Upon information and belief, the taking of the mobile home was sometime after the security perimeter had been established.

41. Upon information and belief, because of the physical location of the mobile home,

and because its only occupant was the decedent, Jordan Camp did not present any immediate danger to a 3rd party.

42. Upon information and belief, because Jordan Camp did not pose a third party risk, there was no tactical reason for SWAT to enter the mobile home in which Jordan Camp was barricaded.

43. Once the SWAT team established a staging area, there were at least eight (8) deputies present inside the single –wide mobile home at one time.

44. Upon information and belief the SWAT team's entry into the mobile home was excessive, unreasonable, and unnecessary.

45. Upon information and belief, at some point during the negotiations, Jordan Camp informed the defendants that he had ingested numerous illegal drugs and was intoxicated.

46. Upon information and belief, all defendants knew, or should have known, that the decedent suffered from mental health issues, including, but not limited to bipolar disorder and depression.

47. Upon information and belief, one or more members of Defendant Knox County Sheriff's Department furnished alcohol to Mr. Camp during the negotiation with Defendant Faulkner.

48. Upon information and belief, at the time the alcohol was given to the decedent, all defendants knew the decedent had at least one gun and was threatening to commit suicide.

49. Jordan Camp's blood was drawn post mortem, and the Tennessee Bureau of Investigation determined his blood alcohol content to be .12%.

50. Upon information and belief, giving Mr. Camp alcohol during the negotiation was unreasonable and unnecessary and showed a reckless disregard for Jordan Camp's life.

9

51. Upon information and belief, Jordan Camp requested a phone to call his father, but this request was denied by Defendant Knox County Sheriff's Department.

52. Upon information and belief, Jordan Camp was never warned that the SWAT team would use deadly force.

53. Jordan Camp was intentionally shot and killed by Knox County Deputies at 2:38 p.m.

54. Upon information and belief, deputies discharged their weapons at a closed door behind which stood the decedent, Jordan Camp. No deputy identified a specific deadly threat before discharging their weapons.

55. Upon information and belief, Knox county Deputies targeted and discharged a total of forty-seven (47) times with the intention of killing Decedent Jordan Camp or committing grievous bodily harm: Deputy Black fired twenty-one (21) times, Sergeant Dalton fired four (4) times, Lieutenant Grimes fired twenty (20) times, Sergeant Lubienski fired one (1) time, and Deputy Page fired one (1) time.

56. Jordan Camp was struck by bullets in the face, the chest, the abdomen, and the back.

57. Although it was initially reported by some of the defendants that Jordan Camp fired his weapon at the defendants, Jordan Camp did not discharge his weapon.

58. Upon information and belief, the total number of times the defendants discharged their weapons was excessive and unnecessary in neutralizing any threat the decedent posed to the defendants.

59. Jordan Camp suffered extreme pain and suffering and loss of life as a result of the gunshot wounds received due to the actions or inactions of the defendants.

60. Upon information and belief all defendants acted with deliberate indifference and reckless disregard for the rights of the decedent.

61. Upon information and belief, an investigation of the Stand-off, Negotiation, and shooting at 834 Canton Hollow Rd. was investigated by the Knox County Sheriff's Office of Professional Standards.

62. Upon information and belief, SWAT members Defendants Black, Dalton, Grimes, and Lubienski, were interviewed by the Knox County Sheriff's Office of Professional Standards on or about June 21, 2013.

63. Upon information and belief, the Knox County Sheriff's Office of Professional Standard's interview of Deputy Black lasted eight (8) minutes, and Deputy Black stated that the suspect Jordan Camp had fired at the Knox County Sheriff's Deputies.

64. Upon information and belief, the Knox County Sheriff's Office of Professional Standard's interview of Sergeant Lubienski last nine (9) minutes, and Sergeant Lubienski claimed that Jordan Camp had fired first.

65. Upon information and belief, the Knox County Sheriff's Office of Professional Standard's interview of, Lieutenant Grimes lasted nine minutes.

66. Upon information and belief, sometime on or about September 23, 2013, it was determined by Defendant Knox County Sheriff's Office that Jordan Camp did not discharge his weapon.

67. Upon information and belief, none of the deputies involved in the shooting of Jordan Camp were re-interviewed after the determination that Jordan Camp had not discharged his weapon.

68. Upon information and belief, neither Defendant Black, Defendant Dalton,

11

Defendant Grimes, Defendant Lubienski, nor Defendant Page disclosed that SWAT had furnished the decedent alcohol.

69. Upon information and belief, the findings of the Knox County Sheriff's Office of Professional Standards and Investigative Findings failed to include any reference to the decedent being given alcohol.

70. Plaintiffs allege that lack of any meaningful investigation rises to the level of deliberate indifference on the part of the Knox County Sheriff's Department.

71. Upon information and belief, deputies from Defendant Knox County Sheriff's Department informed Plaintiff Rick Camp that Jordan Camp was involved in a standoff with the defendants and had discharged a firearm at the defendants, who in turn discharged their firearms which led to Jordan's death.

72. All of the above actions and omissions by the defendants were the actual cause in fact and proximate cause of the suffering and death of the decedent, Jordan Camp, and the damages sustained by Plaintiffs.

## CAUSES OF ACTION
### COUNT 1
### Wrongful Death against all Defendants by Plaintiff's Rick and Cindy Camp individually and as Next of Kin of Jordan Camp

73. Plaintiffs incorporate each of the above paragraphs as fully set forth herein.

74. By deliberately and intentionally discharging their firearms numerous times directly at decedent Jordan Camp, defendants intended to and did cause serious injury and death to Jordan Camp. Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions in shooting and killing decedent Jordan Camp.

75. As a direct and proximate result of the acts and omissions of defendants as set forth above, including the gross negligence, carelessness, and deliberate indifference to decedent's safety and Constitutional rights, and the wrongful death of Jordan Camp, plaintiffs have sustained pecuniary and compensable loss resulting from the loss of Jordan Camp's care, comfort, society, attention, services, affection, familial relationship, companionship, love, and support as provided in section Tenn. Code Ann. § 20-5-113.

76. As a further direct and proximate result of the actions and omissions described above, Jordan Camp suffered personal injury damage before he died. As next of kin to the decedent, plaintiffs Rick and Cindy Camp are entitled to recover all personal injury damage sustained by the decedent before his death, as provided in section Tenn. Code Ann. § 20-5-113.

## COUNT 2
### Excessive Force
### Violation of Decedent's Fourth Amendment Rights, 42 U.S.C. § 1983 against all Defendants by Plaintiff's Rick and Cindy Camp As Next of Kin to Jordan Camp.

77. Plaintiffs incorporate each of the above paragraphs as fully set forth herein.

78. The acts committed by defendants on June 20, 2013, violated decedent, Jordan Camp's clearly established constitutional rights protected under the Fourth and Fourteenth Amendment, including, but not limited to, 1) to be free from unreasonable seizures, 2) to be free from unjustified and excessive force, and 3) to be free from the deprivation of life and liberty without due process of the law in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

79. The individual actions of the defendants were not objectively reasonable under the circumstances based on the perspective of a reasonable deputy at the scene.

80. The purposeful, deliberate, and intentional actions of the defendants were the

13

proximate cause of the damages and injuries suffered by the decedent.

81. All named defendants acted in accord and conspiracy to deprive the decedent of the aforementioned rights.

## COUNT 3
### Violation of Decedent's Fourteenth Amendment Rights 42 U.S.C. § 1983 by Plaintiff's Rick and Cindy Camp as Next of Kin of Jordan Camp

82. Plaintiffs incorporate each of the above paragraphs as if fully set forth herein.

83. In committing the acts complained of herein, defendants acting under the color of state law created a danger which deprived the decedent, Jordan Camp, of life and liberty without due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

84. Acting under the color of State Law, the defendants shot and killed decedent, Jordan Camp, and Jordan Camp's death was foreseeable and the proximate result of the defendants deliberate and purposeful actions; and the defendants knew, or should have known, that the decedent suffered, and was suffering from mental health issues, and that the defendants knew, or should have known, that their actions specifically endangered the decedent, and the defendants' actions rise to the level of culpability which shocks the conscience.

85. In committing the acts complained of herein, defendants acting under the color of state law denied Jordan Camp his substantive due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution by failing to provide reasonable safety for Jordan Camp while Jordan Camp was in the custody of the Knox County Sheriff's Department.

86. The purposeful, deliberate, and intentional actions of the defendants were the

14

proximate cause of the damages and injuries suffered by the decedent.

87. All named defendants acted in accord and conspiracy to deprive the decedent of the aforementioned rights.

### COUNT 4
### Violation of Decedent's Fourth and Fourteenth Amendment Rights, 42 U.S.C. § 1983 Against Defendants Knox County and the Knox county Sheriff's Department by Plaintiff's Rick and Cindy Camp As Next of Kin to Jordan Camp.

88. Plaintiffs incorporate each of the above paragraphs as fully set forth herein.

89. Defendants Knox County and the Knox County Sheriff's Department failed to adequately train and/or supervise its deputies, including all individual defendants, as to proper policies, procedure, practices, or customs as to the handling of a SWAT stand-off and negotiations, including but not limited to creating a danger, providing a reasonable level of safety for the decedent when he was in the defendants' custody, and using excessive force during the seizure of the decedent.

90. These failures on the part of Knox County and the Knox County Sheriff's Department amount to deliberate indifference to the rights of the decedent to be free from excessive force and deprivation of life and liberty without due process under the Fourth, and Fourteenth Amendments to the United States Constitution.

91. Further, the lack of any meaningful investigation into the shooting death of the decedent also amounts to deliberate indifference that violated the decedents Fourth and Fourteenth Amendment rights under the United States Constitution.

92. As a result of this deliberate indifference by the Defendants Knox County and the Knox County Sheriff's Department, decedent suffered serious injuries and damages for which he is entitled to compensatory damages under 42 U.S.C. § 1983.

## COUNT 5
## CONSPIRACY IN VIOLATION OF 42 USC 1985 (3)

93. The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

94. During the course of negotiations with Jordan Camp, Defendant Lubienski and Defendant Dalton agreed, before discharging their firearms, to use deadly force against Jordan without first consulting authorities in command of the situation.

95. Under color of state law, the defendants conspired and entered into express and/or implied agreements, understandings, or meetings of the minds among themselves for the purpose of depriving, either directly or indirectly, Plaintiffs of the equal protection of the laws and of their equal privileges and immunities under the laws.

96. Defendants' actions evidenced a reckless and callous disregard for, and deliberate indifference to, Plaintiffs' constitutional rights.

97. As a direct and foreseeable consequence of this conspiracy, Plaintiffs were deprived of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

98. As a direct and foreseeable consequence of these deprivations, Plaintiffs have suffered economic loss, physical harm, emotional trauma, loss of liberty, loss of privacy, loss of education, and irreparable harm to their reputation.

## COUNT 6
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99. The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

100. The acts described herein, including but not limited to, the defendants' creation of

16

a dangerous situation which led to the wrongful death of Jordan Camp and misinforming the plaintiffs of the circumstances surrounding his death, constituted outrageous conduct beyond all bounds of decency.

101. Defendant's outrageous conduct was intentional or reckless. The acts described herein caused severe emotional distress to plaintiffs and were done either with the specific intent to cause emotional distress or were done with a reckless disregard of the probability of causing emotional distress.

102. As the actual and proximate result of the defendants' outrageous and reckless conduct, Plaintiff Rick Camp and Plaintiff Cindy Camp have suffered and will continue to suffer severe emotional distress, mental anguish, fear, anxiety, and humiliation.

103. The defendants' outrageous and reckless conduct constitutes intentional infliction of emotional distress and is actionable under the laws of Tennessee and the United States.

104. Defendant Knox County and Defendant Knox County Sheriff's Department are liable to the plaintiffs under the theory of *respondeat superior*.

105. Defendants Knox County and Defendant Knox County Sheriff's Department are liable to the Plaintiffs pursuant to Tennessee Code Annotated § 8-8-301.

### COUNT 7
### ASSAULT AND BATTERY

106. Plaintiffs incorporate each of the above paragraphs as if fully set forth herein.

107. Defendants committed an assault upon Jordan Camp when defendants intentionally, knowingly, and/or recklessly caused Jordan to be shot. Said injuries were the direct and immediate consequence of defendants' wrongful acts and a natural and direct

17

result of the assault.

108. Defendants' assault conduct was committed intentionally, knowingly, and/or recklessly, and was the proximate cause of physical injuries to Jordan Camp and emotional injuries to the plaintiffs.

109. At no time were defendant privileged to take the action, as lethal force was not necessary under the circumstances.

110. Defendants' above described conduct constituted an assault and battery, resulting in liability for damage to plaintiffs.

## COUNT 8
## STATE LAW CLAIM OF NEGLIGENCE

111. Plaintiffs incorporate each of the above paragraphs as if fully set forth herein.

112. All named defendants owed the plaintiffs a duty to exercise reasonable care in the manner and method in which force was used against the decedent.

113. All defendants breached the ordinary standard of care and were negligent in the method and handling of the decedent during the incident described herein.

114. Plaintiffs allege that it was foreseeable to the defendants that entering the mobile home and then giving the decedent alcohol could ultimately result in the death of Jordan Camp

115. The negligence the defendants was a proximate cause of the damages and injuries suffered by the decedent.

116. Defendant Knox County is liable to plaintiffs for compensatory damages as a result of negligence pursuant to Tennessee Code Annotated § 29-20-205.

18

## CLAIM FOR DAMAGES

117. Plaintiffs incorporate each of the above paragraphs as if fully set forth herein.

118. As a direct result of the acts and/or omissions of the defendants Jordan Camp was killed on June 20, 2013, and Plaintiffs, as his parents, were emotionally injured for life. The injuries for which the Plaintiffs seek compensation include but are not limited to:

A. Physical injuries and emotional pain of their suffering son, Jordan Camp, and their resulting loss of familial association with him;

B. Conscious physical and emotional pain and suffering of their son, Jordan Camp, from the time of injury until his death, and loss of the right of life.

C. The pecuniary value of the life of their son, Jordan Camp, including, but not limited to, the loss of companionship and consortium for both Rick and Cindy Camp;

D. Prejudgment interest and/or post judgment interest and statutory and discretionary costs to the extent permitted by law;

E. Attorney's fees pursuant to applicable law including, but not limited to U.S.C. 42 § 1988;

F. Injunctive and/or declaratory relief that the acts and conduct set forth above were unconstitutional, and precluding them from engaging in such activities in the future;

G. Any and all applicable compensatory and punitive damages;

H. It was foreseeable that the above damages would be sustained as a result of the actions and omissions of the defendants; and

I. Any further relief that this Court deems just and proper, and any other

19

Case 3:14-cv-00257-PLR-HBG   Document 1   Filed 06/15/14   Page 19 of 20   PageID #: 19

appropriate relief at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, Plaintiff's pray that summons issue and the defendants be served and made to answer herein, that a jury trial be held wherein Plaintiffs are awarded compensatory and punitive damages to be determined by a jury in the cause for Plaintiff's civil rights claims and the maximum award allowed under law for Plaintiff's Government Tort Liability Act claims. Plaintiff's also request attorney's fees pursuant to 42 U.S.C. § 1988 and that they be awarded such other relief, both general and specific, to which they may be entitled under the premises.

## **PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted on this 15th day of June, 2014.

_____
Mary L. Ward – BPR #019942
PO Box 23382
Knoxville, TN 37933
maryward@tds.net
(865) 671-4480
*Attorney for Plaintiffs*